We'll move to our second argument of the morning. It comes in Appeal No. 2431-15, the United States v. Phillip Mayfield. Good morning. John Medifer, Appellant. Mr. Mayfield. Mr. Mayfield was charged with two counts of possession of methamphetamine over 50 grams. After conferring with Mr. Mayfield over several months, we decided to take this case to trial because the discovery in this case was lousy. The government had very little evidence that he had actually committed the crime. There were two buys. The first buy involved having the undercover or the confidential source wear a microphone and a camera. The camera didn't work. The second buy involved both a camera and a microphone again, and there was just a fleeting shot of Mr. Mayfield, and the confidential source misidentified Mr. Mayfield as the passenger in the car. So two weeks prior to trial, the government showed up, and when we were standing there for a pretrial, handed me a subpoena saying, we've just subpoenaed these documents. I said, well, okay, what's going on? What are you doing? And then we had the pretrial in which we talked about the Facebook subpoena, and I at the time thought, well, if they've got evidence that I really need to see, then I wish I'd had it so I maybe could have presented it to Mr. Mayfield and he may have taken a pre-offer or something because I thought they had smoking gun evidence. A week later, we had moved it and kept moving it, and Facebook or Meta had not provided the evidence or the Facebook documents. Just prior to trial, there was some dispute, some belief that I was going to ask for continuance. I, of course, would have asked for continuance, but I had the documents. I did not have the documents. When push came to shove, we decided just to go to trial because I had the government over a barrel. The evidence was lousy, and I guess I would have had a couple of options at that point, but I had them over a barrel. If you read the statement of facts, they really had very little identification evidence of Mr. Mayfield. It was a lousy case. So here's a couple problems. The speedy trial argument is not a very good one because I never would have been able to make it Had I, on day 71, filed a motion for speedy trial, Judge Lawless would have said, well, what are you trying to do? You've hired counsel. You've hired an investigator. What harm do you have here? The point I was trying to make when we had this pretrial hearing was that not only the government didn't attempt to hand me 18,872 documents, they waited until the last moment to ask for them. In a case where identity was on the table from the very beginning, because I had filed a motion to strike count two based on grand jury testimony, it was false. Unfortunately, you've got to prove that the false grand jury testimony was intentionally proffered to the grand jury and got an indictment based on false information, knowing it was false. But identity was always on the table here. What was frustrating for me, and I think I know this speedy trial argument is not going to work, but there needs to be a penalty affixed to granting a motion for continuance when the government hasn't even bothered to look for the evidence. You're getting into the substance of the Speedy Trial Act now, but you don't dispute that you did not file a motion to dismiss the indictment. How do you get around our case law that has said if you don't file a motion to dismiss the indictment based on a Speedy Trial Act violation, that you've waived that argument? The problem with the Speedy Trial argument all along was that I wasn't really worried. I wasn't contesting the timeliness of the trial. I was more contesting their failure to ask for this discovery later. So let's say I file a motion on Day 71. I'm not in a position to say this is— Are you saying you're not making a Speedy Trial Act violation argument? No, Judge, I don't think that's the better argument. I don't think that's the best argument, and I think it's—in my brief, I think there's a non-time-sensitive error here that I'd really like the court to draw attention to, and that is the failure to exercise any diligence in getting this evidence and then having a late-filed motion or a written motion for continuance when there's been a lack of diligence. That seems to be a new argument. Yeah, I didn't see that. I mean you didn't file a reply brief. Yeah, Judge, my apologies. So if you filed a reply brief and you could have clarified the basis of your argument, but I very much took away from the papers. We'll see with the government, if the government has that view. I very much took away that this is a Speedy Trial Act violation. No, well, I'm looking at my page 24, and I'll just read. And I said, it's difficult to find cases examining the granting of a government motion for continuance to secure documents and the resulting non-time-related harm. I was not looking at time-related harm necessarily. I made that argument because I thought, well, you know, it did extend it beyond the time limits. The foundational evidence for a Speedy Trial violation, things like in the interest of justice and those sorts of predicates, aren't relevant to my particular argument. Are you pursuing a violation of the Speedy Trial Act? No, Judge, I would pursue the second issue. Okay, so you're waiving any argument that the district court erred in granting the motion for continuance. No. My argument is that she erred in granting the motion based on giving the government additional time to seek documents. I just want to make sure, because I think I asked a double negative there, so sorry. Are you arguing that there was an error based on a Speedy Trial Act violation? No, Judge, the 3163 argument, I'm not going to rely on. Okay. Your argument is that the government was not diligent in seeking the documents in a timely manner. Right, so let's put it this way. Did you argue that to the district court? Yes, I did. I said, and this is the oral transcript that I provided later. I mean, I've got to tell you, Mr. Medder, your brief is really confusing on this. I'm reading directly from page 22. I've read the whole entire brief, and in your conclusion, you say, therefore, the defendant was denied a speedy trial, and this court should dismiss the indictment with prejudice, C-3163B. Right. You framed the argument in your brief as a denial of a speedy trial right that was affected as a result of the court granting this continuance. And when the government responded accordingly and you didn't file a reply brief saying, hold on, hold on, everybody is misunderstanding what I'm arguing, I don't know that you can save it in the courtroom here. Well, Judge, I mean, it was in my brief, and so, I mean, if you look past page 22, I continue to make the arguments and offer a test that I think is applicable. The court should find in your conclusion that the continuance violated the defendant's right to a speedy trial. Alternatively, the continuance prejudiced the defendant. I mean, maybe it's there, but it's all wrapped up in the Speedy Trial Act. I'm just reading from your brief. Well, I'm going to – I guess I'll read from the latter part of my brief because that's where I'm trying to make this argument, that there has to be a penalty affixed to granting a continuance when they haven't even sought evidence. It's one thing to hand me 18,872 documents two weeks prior to trial, and I might have a chance to go through them. Probably not. So what's the source of the legal violation? Is it the due process clause of the U.S. Constitution? Is it the speedy trial right in the Constitution? What's the source of the violation? It's not the speedy trial right because it's not related to just getting a speedy trial. The timeliness – it's the error affixed to granting a late-file subpoena, granting a late – And what did that violate? I understand what you're saying now in the courtroom. What did that violate? Well, I mean I was trying to set up a rule. The only decent cases I could find are cases in which they failed – district judges failed to grant continuances to get additional evidence. In this case, if she had said no to the government – this is my scenario. If she said no, we're going to trial on that date, February 12th, what would it have looked like? Are you making any argument now in the courtroom that any constitutional right of the defendant was violated? I am – well, it would have to be embedded in this lack of diligence on part of the government, Judge. But no, I'm happy with the test I set out here. I mean I could have couched it in terms of due process and Fifth Amendment, but I didn't because I wanted to – Is this just a discovery violation you're arguing then without being grounded in the Constitution? Yeah, I think we don't – I don't have to get into the Fifth Amendment or something like that in order to complain about the late granting of a continuance when there was no diligence or lack of diligence when they had due notice that this was always an issue. You're not contesting the materiality of what they were seeking from that, are you? Well, at the point I made the objection, I didn't know what was in it. That was the problem. But on your appeal, you're not contesting the materiality of the documents or photographs, images? Yeah, that wouldn't undermine my argument because it was so material. I think it's exactly what tipped the trial. All right, why don't we hear from the government? We'll give you a minute on rebuttal.  Ms. Boyle, good morning. Good morning, Your Honors. May it please the Court, Counsel, my name is Catherine Boyle on behalf of the United States. Your Honors, the government here also took defense counsel's argument to be based on a Speedy Trial Act violation. I think potentially part of the confusion might be arising from a misconception of what sort of prejudice to a defendant when you look at the abuse of discretion and whether actual prejudice occurred. I think in the defendant's brief they were conceptualizing prejudice as whether it was something that would assist in his conviction at trial, whether the evidence was inculpatory, and I think that might be going to some of what Mr. Mutter was saying up here. And that's actually not the standard, and I think that has created some general confusion in the briefing as well. That's the prejudice attached to the Speedy Trial Act. Exactly, whether it hampers the defendant's ability to present his defense at trial. Yeah, but it sounds like that's not what he's arguing. That was what I initially understood defense counsel to be arguing. Here we view this appeal as solely involving the defendant as only having raised whether the district court abused its discretion in granting the government's motion to continue and whether actual prejudice resulted. We think you don't even get there, though, because this is a situation where defense counsel didn't file a motion to dismiss the indictment on Speedy Trial grounds, and under 3162A2 that is required, otherwise you're waiving a Speedy Trial Act claim. So we think the appeal stops right there. But even if one were to go on and examine the discretionary portion of this, this is a case where the district court clearly acted well within its discretion in granting the government's motion for a continuance. The record shows in this case that the government found out on January 23, 2024, that there was this Facebook profile. It wasn't under the defendant's legal name. It was under the name of Billy the Great. And by the next day, the government had obtained a search warrant and had delivered that to META. At the next hearing on January 26, 2024, the court was aware of the search warrant. I think the district judge had actually handled it, and defense counsel was aware of it within a couple of days as well. And notably at this time, defense counsel had also been contemplating a continuance. The defense attorney noted that at the January 26 hearing in the government's motion to continue. They noted defense counsel had emailed the court on January 31st, suggesting there was a possibility of a continuance. At the February 2nd hearing, when we're still awaiting these documents from META, the defense counsel is again still contemplating a continuance. And it's actually not until February 6, 2024, when defense counsel sort of gleans, oh, I have a potential speedy trial act issue I might be able to raise here, along with some associated issues, that he suggests, oh, I don't think I do want a continuance. But at that point, the government has made an oral motion to continue based on the need to get these META records. And these META records, I want to point out also, are really foundational. The government had seen a number of the screenshots it would have wanted for trial in January on the Philly DeGrate Facebook profile. But in order to get those admitted, the government needed to authenticate and lay foundation. So when the defense counsel says this is a dump of 18,000 pages of records, it is 18,000 pages. But really the purpose of this is authentication and to show that this is Mr. Mayfield's Facebook profile. It has a social security number associated with it, things like that. So based on the court's discussion on the record at the February 6 hearing, the court acknowledges that this is evidence that's material to the government's case. The government has the burden of proving identity. And the government has exhibited due diligence. It wasn't even aware of this Facebook profile until the day before it got the search warrant, and shortly thereafter raised this to defense counsel as well. Government followed up with a written motion. The district court made the finding that the ends of justice outweighed the defendant and the public's interest in a speedy trial. That was a very reasonable finding on this record, given that the government had exhibited due diligence and that this was material to the government's case and necessary for effective preparation for trial. If your honors have no questions, I'll rest on the arguments in our briefing request that the court affirm. Hearing none, thank you, Ms. Boyle. Thank you. Mr. Matter? Thank you, Your Honor. Just briefly, it is true the factors that I'm not really concerned about don't involve the timeliness of the trial. It has to do with the lack of diligence. And there's a diligence argument, I guess, a part of the speedy trial argument statute. But there needs to be or there has to be a penalty affixed to the granting of a continuance when they've made absolutely no efforts to get this meta information previously. I think there's a standalone challenge that at that moment, if you were to simply envision that Judge Lawless had said no, we're going to trial. What would it have looked like? So that's my argument. Thank you very much. You're quite welcome. With thanks to both parties, we'll take the appeal under advisement. Mr. Matter, special thanks to you. You took the case on appointment, correct? I did. Yep, we appreciate it very much. Your service to the court and to Mr. Mayfield.